UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SNELL and
GAIL SNELL,

                    Plaintiffs,                    No. 11-CV-12018

vs.                                                Hon. Gerald E. Rosen

WELLS FARGO BANK, et al.,

                    Defendants.
_____/

OPINION AND ORDER REGARDING
DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____March 28, 2012_____

PRESENT:   Honorable Gerald E. Rosen
                  United States District Chief Judge

## I.  INTRODUCTION

Plaintiffs Richard and Gail Snell instituted this action in Wayne County Circuit

Court in an attempt to prevent/forestall their eviction from their home in Livonia,

Michigan following the foreclosure on their mortgage and the sheriff's sale of the

property.  In their Complaint, Plaintiffs allege only state law claims.  Defendants Wells

Fargo Bank and Federal Home Loans Mortgage Corporation ("Freddie Mac") removed

the case to this Court alleging diversity of citizenship as the basis for federal court

1

jurisdiction,[1] and thereafter filed the instant motion for dismissal of Plaintiffs' complaint

pursuant to Fed. R. Civ. P. 12(b)(6) and/or for summary judgment pursuant to Fed. R.

Civ. P. 56. Plaintiff has responded to Defendants' motion and Defendants have replied.

Having reviewed and considered the parties' briefs and supporting documents, the Court

---

[1] Contrary to Defendants' assertions, diversity jurisdiction is not present in this case because Defendant Federal Home Loans Mortgage Corporation (Freddie Mac) is not a citizen of any state. *See Bankers' Trust Co. v. Texas & Pac. Ry.*, 241 U.S. 295, 309 (1916) (federally chartered corporation is not a citizen of any state for diversity purposes); *Hancock Fin. Corp. v. Fed. Savings & Loan Ins. Corp*., 492 F.2d 1325, 1329 (9th Cir. 1979) (same); *see also Gladys McCoy Apartments, Limited Partnership v. State Farm Fire & Casualty Co.*, 2010 WL 1838941(D. Or. 2010) (finding removal of action involving a partnership based on diversity improper because Freddie Mac was one of the partners and is "stateless" with respect to its citizenship). Notwithstanding Defendants' erroneous assertion of diversity of citizenship as the basis for its removal of this action, the Court finds that it may properly exercise federal question jurisdiction over this matter pursuant to 12 U.S.C. § 1452(f) which provides:

> (f) Notwithstanding section 1349 of Title 28 or any other provision of law, (1) the [Federal Home Loans Mortgage] Corporation shall be deemed to be an agency [of the United States] included in sections 1345 and 1442 of such Title 28; (2) all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value; and (3) any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation, without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending, or, if there is no such district court, to the district court of the United States for the district in which the principal office of the Corporation is located, by following any procedure for removal of causes in effect at the time of such removal.

12 U.S.C. § 1452(f).

has determined that oral argument is not necessary.  Therefore, pursuant to Eastern

District of Michigan Local Rule 7.1(f)(2), this matter will be decided on the briefs.  This

Opinion and Order sets forth the Court's ruling.

## II.  PERTINENT FACTS

On March 23, 2007, Plaintiffs Gail and Richard Snell obtained a $183,500.00 loan

from non-party Franklin American Mortgage Company ("Franklin American").  As

security for the loan, on that same date, the Snells executed a real estate mortgage on their

Livonia, Michigan home.  Mortgage Electronic Registrations Systems, Inc. ("MERS")

was the mortgagee under the mortgage, as nominee for the lender, Franklin American.

MERS subsequently assigned the mortgage to Defendant Wells Fargo Bank ("Wells

Fargo").

Plaintiffs defaulted on their loan repayment obligations, and, as a consequence, on

February 18, 2010 Wells Fargo initiated foreclosure by advertisement pursuant to

Michigan law. On October 21, 2010, the property was sold at a Sheriff's Sale to

Defendant Freddie Mac for $193,208.71.  A Sheriff's Deed was executed and recorded,

along with the Sheriff's Affidavit of the sale.  The Sheriff's Affidavit noted that the six-

month redemption period provided under M.C.L. § 600.3240(8) would end on April 21,

2011.

On April 20, 2011 -- one day before the statutory redemption period ended --

Plaintiffs instituted this action in Wayne County Circuit Court.  Defendants thereafter

removed the action to this Court on May 9, 2011.

In their seven-count Complaint, Plaintiffs seek to "quiet title" to the property (Count I), and allege claims of unjust enrichment (Count II), fraud, misrepresentation and deception (Counts III, IV, and VII), and violation of M.C.L. § 600.3205  (Count VI).[2] Defendants responded to Plaintiff's Complaint by way of the instant Motion to Dismiss and/or for Summary Judgment.

## III.  DISCUSSION

### A.    APPLICABLE STANDARDS

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted. . . ."  In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true.  *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007).  Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).  Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

---

[2]  Although Plaintiffs' Complaint also contains a purported claim of "Constructive Trust" (Count V), it is well settled that a constructive trust is not a cause of action, but rather is an equitable remedy.  *See Kammer Asphalt Paving Co., Inc. v. East China Twp. Schools*, 443 Mich. 176, 188 (1993); *Willie McCormick & Assoc., Inc. v. L.D'Agostini & Sons, Inc.*, 2005 WL 1189683 at *4 (Mich. App. 2005); *Quick-Sav Food Stores, Ltd. v. Estate of Mattis*, 2010 WL 173601 at *5 (Mich. App. 2010).

cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

Pursuant to Fed. R. Civ. P. 12(d), if on a Rule 12(b)(6) motion matters outside the pleadings are presented to the court, the motion must be treated as a motion for summary judgment under Rule 56. However, documents attached to a motion to dismiss that are referred to in the Complaint and central to the claim are deemed to form part of the pleadings. *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir. 2001).

In this case, Defendants have attached to their motion to dismiss documentary evidence of the mortgage, the assignment of mortgage, the notices of foreclosure, the sheriff's deed, the affidavit of MCL 600.3205 notice, and the affidavit of the purchaser. These exhibits and the information contained therein are referenced in Plaintiff's Complaint and are central to Plaintiff's claims. As such, they may be deemed to form part of the original complaint and should be considered in deciding Defendants' motion. *Id*. Thus, conversion to a Rule 56 motion is not required.

5

B.      PLAINTIFFS CANNOT OBTAIN THE RELIEF THEY SEEK IN COUNT I

Count I of Plaintiff's Complaint is a claim to quiet title of the property in their

favor.  "In an action to quiet title, the plaintiffs have the burden of proof and must make

out a prima facie case of title."  *Beulah Hoagland Appleton Qualified Personal Residence*

*Trust v. Emmet County Road Com'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700

(1999).

Plaintiffs' claim in this Count fails  as a matter of law because, once the

redemption period following the foreclosure of a property expired, their rights in, and title

to, the property were extinguished, and they lost all standing to bring claims with respect

to the property.  This principle is well established in Michigan law.

In *Piotrowski v. State Land Office Board*, 302 Mich. 179, 4 N.W.2d 514 (1942),

the Michigan Supreme Court specifically held that the mortgagors in that case had "lost

all their rights, title, and interest in and to the property at the expiration of their right of

redemption."  *Id.* 302 Mich. at 185, 4 N.W.2d at 516.  The *Piotrowski* standard has

consistently been applied by Michigan state and federal courts to bar former owners from

making any claims with respect to foreclosed property after the end of the redemption

period.  *See e.g., Stein v. U.S. Bancorp*, 2011 WL 740537 (E.D. Mich. Feb. 24, 2011);

*Overton v. Mortg. Elec. Registration  Sys.*, 2009 WL 1507342 (Mich. App. May 28,

2009) (dismissing former owner's claim of fraud where redemption period had expired);

*Kama v. Wells Fargo Bank*, 2010 WL 4386974, *2 (E.D. Mich., Oct. 29, 2010)

(dismissing plaintiff's claims for violation of the foreclosure statute, to quiet title and for

6

promissory estoppel because redemption period had expired); *Moriarty v. BNC Mortg., Inc.*, 2010 WL 5173830 (E.D. Mich. Dec. 15, 2010) (dismissing action seeking a declaratory judgment voiding foreclosure proceedings).

Here, the redemption period expired on April 21, 2011. Plaintiffs have not alleged or pled any facts that indicate that they timely attempted to redeem the property. Because Plaintiffs failed to redeem the property before the redemption period expired, FreddieMac became vested with "all right, title and interest" in the property by operation of law. At that point, Plaintiffs, the former owners, lost standing to assert claims with respect to the property. *Overton v. Mortgage Electronic Registration Sys., Inc., supra*; *Kama v. Wells Fargo Bank*, *supra*.

This outcome is not altered by Plaintiffs' filing of this lawsuit on April 20, 2011, one day before the expiration of the redemption period. *Overton, supra*, 2009 WL 1507342 at * 1 (holding that the plaintiff's filing of his lawsuit one month before the expiration of the redemption period did not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings). As the Michigan Court of Appeals explained in *Overton*:

> Plaintiff's suit did not toll the redemption period. Plaintiff is simply trying to wage a collateral attack on the foreclosure of the property. Even if his assertions were true and the cases he cites indeed supported his arguments, plaintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a

7

mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity."

*Id.* (citations omitted). *See also Moriarity v. BNC Mortgage, Inc.,* 2010 WL 5173830 at * 2 (E.D. Mich., Dec. 15, 2010) (suit filed one month before the expiration of the redemption period expired, same); *Napso v. Wells Fargo Bank, N.A.*, 2011 WL 1575372 (E.D. Mich, Apr. 26, 2011) (suit filed one day before the redemption period expired, same); *Mitan v. Federal Home Loan Mtg. Corp.*, 2011 WL 4837502 at * 2(E.D. Mich., Sept. 22, 2011) (suit filed two weeks prior to expiration of the redemption period, same); *Galati v. Wells Fargo Bank*, 2011 WL 5178276 at ** 3-4 (E.D. Mich., Nov. 1, 2011) (suit filed three weeks before the expiration of the redemption   period, same); *Gendiar v. BAC Home Loans Servicing, L.P.*, 2012 WL 130139 (E.D. Mich., Jan. 17, 2012) (suit filed on day that redemption period expired, same); *Dingeman v. OneWest Bank FSB*, 2012 WL 884357 at ** 3-4 (E.D. Mich., Mar. 14, 2012) (plaintiffs' suit filed four days before the expiration of the redemption period did not toll the redemption period and plaintiffs' failure to redeem prior to the expiration of the period terminated their standing to assert defects in the foreclosure proceedings and/or the sheriff's sale).

In short, once the redemption period expired on April 21, 2011, Plaintiffs lost standing to maintain any action to quiet title or to assert any defect in the foreclosure proceedings.

While the redemption period can be tolled, "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in

connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity." *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 656 (2007); *see also Sweet Air Investment, Inc, v. Kenney*, 275 Mich. App. 492, 497, 729 N.W.2d 656 (2007) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Id.*, *quoting  United States v. Garno*, 974 F.Supp. 628, 633 (E.D.Mich., 1997), (citing *Detroit Trust Co. v. Agozzinio*, 280 Mich. 402, 405–406, 273 N.W. 747 (1937), and *Calaveras Timber Co. v. Michigan Trust Co.*, 278 Mich. 445, 450, 270 N.W. 743 (1936)).)

As indicated, in the present case, Plaintiffs made no attempt to redeem the property during the period of redemption and the redemption period expired on April 21, 2011. Thus, unless Plaintiffs can make a "clear showing" of fraud or irregularity, no equitable extension of the redemption period is permitted and Plaintiffs will lack the necessary standing to challenge the foreclosure or eviction from the property.

In order to establish a claim for fraud or misrepresentation under Michigan law, a plaintiff must satisfy the following requisite elements:

(1)  that the defendant made a material misrepresentation;

(2)  that it was false;

(3)  that when the defendant made it, he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion;

(4)  that he made it with the intention that it should be acted upon by the plaintiff;

9

(5)  that the plaintiff acted in reliance upon the false misrepresentation; and

(6)  that the plaintiff thereby suffered injury.

*Aerospace America, Inc. v. Abatement Technologies, Inc.*, 738 F. Supp. 1061, 1068 (E.D. Mich. 1990) (citing *Hi–Way Motor Co. v. International Harvester Co*., 398 Mich. 330, 247 N.W.2d 813, 816 (1976)). Each of the above elements must be established proven by the plaintiff by clear, satisfactory and convincing evidence. *Id.; Youngs v. Tuttle Hill Corp*., 373 Mich. 145, 147, 128 N.W.2d 472 (1964); *Hi–Way Motor Co. supra*, 398 Mich. at 336, 247 N.W.2d 813. Further, all of the elements must be found to exist; the absence of any one of them is fatal to recovery.  *Hi-Way Motor Co, supra*.[1]

In seeking to avoid the bar of the running of the redemption period, Plaintiffs here make only the bald assertion that they were misled into believing that Wells Fargo would comply with M.C.L. § 600.3205(c)  to determine whether they qualified for a loan modification.  Section 3205c provides, in pertinent part:

> If a borrower has contacted a housing counselor under section 3205b but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205(a)(1)(c) shall work with borrower to determine whether the borrower qualifies for a loan modification. . . .

M.C.L. § 600.3205c(1).

---

[1]  The Michigan requirements comport with the requisites of Fed. R. Civ. P. 9(b):  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  *Id*.  The Sixth Circuit has further interpreted Rule 9(b) to require that a plaintiff allege "the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citation omitted).

However, Plaintiffs never timely sought a meeting with Wells Fargo's designate as provided in M.C.L. § 600.3205b(1).  *See* Defendants' Ex. 3 at ¶ 7 of 8.  Section 3205b(1) provides:

> A borrower who wishes to participate in negotiations to attempt to work out a modification of a mortgage loan shall contact a housing counselor from the list provided under section 3205a within 14 days after the list is mailed to the borrower.  Within 10 days after being contacted by a borrower, a housing counsel shall inform the person designated under section 3205a(1)(c) in writing of the borrower's request.

M.C.L. § 600.3205b(1).

Plaintiffs have failed to present any evidence showing that they ever contacted a housing counselor.  The only evidence they attached to their Response Brief is a three-page excerpt from a document which is presumably is a call history of some unidentified telephone which appears to indicate that on January 22, 2010 and February 23, 2010, four telephone calls were made to (248) 642-2515 a Birmingham, Michigan phone number.  *See* Plaintiffs' Ex. 2,  According to the letterhead on Plaintiffs' Ex. 1, this is the phone number of the headquarters of Trott & Trott, P.C.  *See* 1/20/12 letter to Gail Snell, Plaintiffs' Ex. 1.  However, as provided in the letter, Trott & Trott informed Plaintiffs that to attempt to work out a modification of their mortgage loan Plaintiffs were not to call their Birmingham headquarters; rather, they were directed to call one of the housing counselors on the list of housing counselors prepared by the Michigan State Housing Development Authority which was included with the January 20 correspondence, or to call Wells Fargo's designated agent at (248) 593-1309, or fax a written request to (248)

11

205-4112 and reference T&T # 305578F01.  *See* Plaintiffs' Ex. 1.  Plaintiffs have

provided no evidence showing that they timely contacted a MSHDA housing counselor or

Wells Fargo's designated agent, and their bare assertions that they were fraudulently

misled by Defendants do not come close to the required strong showing of fraud

necessary to toll the expiration of the period of redemption.  Therefore, Defendants'

motion to dismiss will be granted on Count I of Plaintiffs' Complaint.

C.    COUNTS II, III, IV, and VII ALSO WILL BE DISMISSED

Plaintiffs claims of unjust enrichment in Count II, and for fraud, misrepresentation

and deception in Counts III, IV, and VII, are similarly predicated upon Defendant Wells

Fargo's alleged promise to determine their eligibility for, and enter into, a Section 3205

Loan Modification Agreement and forebear proceeding with the sheriff's sale of their

property.  As indicated above, however, Plaintiffs have failed to demonstrate that they

were entitled to consideration for a Loan Modification agreement and failed to satisfy the

requisite elements to establish fraud or misrepresentation.

Furthermore, to the extent that they rely on any alleged promises to enter into a

loan modification agreement or forebear proceeding with the sheriff's sale of their

property, the statute of frauds requires certain types of agreements to be in writing before

they can be enforced.  Michigan's statute of frauds, M.C.L. § 566.132, provides, in

relevant part:

> (2) An action shall not be brought against a financial institution to enforce
> any of the following promises or commitments of the financial institution
> unless the promise or commitment is in writing and signed with an

12

authorized signature by the financial institution:

> (a) **A promise or commitment to** lend money, grant or extend credit, or **make any other financial accommodation**.
>
> (b) **A promise or commitment to** renew, extend, **modify**, or permit a delay in repayment or performance of **a loan, extension of credit, or other financial accommodation**.
>
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

(3) As used in subsection (2), "financial institution" means a state or national chartered bank, a state or federal chartered savings bank or savings and loan association, a state or federal chartered credit union, or a person licensed or registered under the mortgage brokers, lenders, and servicers licensing act, Act No. 173 of the Public Acts of 1987, being sections 445.1651 to 445.1683 of the Michigan Compiled Laws, or Act No. 125 of the Public Acts of 1981, being sections 493.51 to 493.81 of the Michigan Compiled Laws, or an affiliate or subsidiary thereof

M.C.L. § 566.132(2), (3) (emphasis added).

The intent of the Michigan Legislature in adding the provisions in subsection (2) of the statute was to address an area of concern in the banking industry, i.e., oral promises made in connection with lending and credit activities. *Crown Technology Park v. D&N Bank, FSB*, 242 Mich. App. 538, 549, 619 N.W.2d 66, 71 (2000). The language of the statutory amendment is intentionally broad. *Id*. As the court observed in *Crown Technology,* under the broad, unambiguous language in the statute, "a party is precluded from bringing a claim -- *no matter its label* -- against a financial institution to enforce the terms of an oral promise. . . ." 242 Mich. App. at 550, 619 N.W.2d at 72 (emphasis added).

13

The court explained:

> By not specifying what sort of "action" M.C.L. § 566.132(2); MSA 26.922(2) prohibits, we read this as an unqualified and broad ban. We also note that the subsections of M.C.L. § 566.132(2); MSA 26.922(2) use generic and encompassing terms to describe the types of promises or commitments that the statute of frauds now protects absolutely. This is consistent with interpreting M.C.L. § 566.132(2); MSA 26.922(2) to preclude all actions for the enumerated promises and commitments . . . , including actions for promissory estoppel. . . . [A]s we noted above, the Legislature used the broadest possible language in M.C.L. § 566.132(2); MSA 26.922(2) to protect financial institutions by not specifying the types of "actions" it prohibits, eliminating the possibility of creative pleading to avoid the ban. . . .   It banned "an action," meaning *any* action.

*Id.* 242 Mich. App. at 550-53, 619 N.W.2d at 72-3(emphasis in original).

In *Crown Technology* the court determined that the statute of frauds barred an action brought against a bank for promissory estoppel that was predicated on oral promises made in connection with a mortgage loan refinancing transaction. In subsequent cases, Michigan courts determined that fraud and misrepresentation claims against financial institutions that are based on oral promises are likewise barred.  *See e.g.*, *Republic Bank v. Britton Estates*, 2006 WL 445916 (Mich. App. 2006) (affirming trial court's grant of summary disposition on the appellants' claims of fraud and misrepresentation holding that the claims were "precluded by the statute of frauds, the applicability of which is not dependent on the label attached to appellants' cause of action." *Id.*); *see also Manire v. American Equity Mortgage, Inc.*, 2005 WL 2173679 at *2 (E.D. Mich. 2005) (misrepresentation claim precluded); *LaSalle Bank Nat'l Ass'n v. Ray*, 2011 WL 576661 at **3-4 (E.D. Mich. 2011) (same).

14

The foregoing authorities establish that Plaintiffs' claims of violation of M.C.L. § 600.3205 and for fraud and misrepresentation in Counts II, III, IV and VII are not actionable. Therefore, Defendants' motion to dismiss will be granted on these counts.

With respect to that portion of Count VII in which Plaintiffs contend that Defendant Wells Fargo foreclosed the mortgage by advertisement in violation of M.C.L. § 600.3204, Complaint ¶ 86, Plaintiff argues that Wells Fargo's foreclosure of their property was void ab initio because Wells Fargo was the assignee of the nominee of the original debt owner, not of the debt owner itself.

In so arguing, Plaintiffs rely on the Michigan Court of Appeals' decisions in *Residential Funding Co., LLC v. Saurman, et al.*, 292 Mich. App. 321, 807 N.W.2d 412 (2011), and *Bakri v. Mortg. Elec. Registration Sys., et al.*, No. 297962, 2011 WL 3476818 (Mich. Ct. App. Aug. 9, 2011) (unpublished decision). In *Saurman*, the Court of Appeals held that MERS lacked the authority to foreclose by advertisement and in *Bakri*, relying on *Saurman*, the court held that a MERS assignee stands in the shoes of MERS and, as such, has no authority to foreclose by advertisement, either.

However, the Michigan Supreme Court REVERSED the Court of Appeals' ruling in *Saurman*. *See Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011). The Supreme Court found that the Court of Appeals erroneously construed the Michigan foreclosure by advertisement statute and determined that MERS

15

is authorized under MCL § 600.3204(d)(1)[1] to foreclose by advertisement as the owner of "an interest in the indebtedness secured by a mortgage." That reversal also *sub silentio* reversed *Bakri*. Therefore, the Court of Appeals' decisions in *Bakri* and *Saurman* provide no legal basis for Plaintiffs to challenge MERS' assignment of the mortgage to Wells Fargo or Wells Fargo's foreclosure of the mortgage.

<u>CONCLUSION</u>

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants Motion to Dismiss **[Dkt. # 2]** is GRANTED. Accordingly,

IT IS FURTHER ORDERED that Plaintiffs' Complaint be, and hereby is, DISMISSED, IN ITS ENTIRETY.

Let Judgment be entered accordingly.


s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated: March 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2012, by electronic and/or ordinary mail.

s/Ruth A. Gunther_____
Case Manager

---

[1] MCL 600.3204(d)(1) requires that "The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."